United States District Court
Southern District of Texas

**ENTERED**

April 29, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **LUIS DONALDO BARRAGAN DIMAS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00727** |
| | § | |
| **MARKWAYNE MULLIN,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Luis Donaldo Barragan Dimas's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on April 22, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States since 2019. (*See* Dkt. 1 at 2; Dkt. 8 at 2.) Petitioner entered the United States in August of 2019, was served with a Notice to Appear, and released on his own recognizance. (*See* Dkt. 1 at 2, Attach. 3; Dkt. 8 at 2, 4.) Petitioner has complied with all supervision requirements while living in the United States and has no prior criminal history. (Dkt. 1 at 2.) Petitioner applied for asylum and withholding of removal and was later granted employment authorization. (*Id.*at 2–3.) Years later, in March of 2026, Petitioner was apprehended by immigration authorities, without any explanation or reason, when he appeared for a routine ICE check-in. (Dkt. 1 at 3.) Petitioner remains detained at the Webb County Detention

1 / 7

Center. (Dkt. 1 at 3.)  Petitioner argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of his Fifth Amendment rights, the Immigration and Nationality Act (INA), federal regulations, the Administrative Procedure Act (APA), and his rights as a *Maldonado Bautista* class member. (Dkt. 1 at 14–30.)[1] He asks the Court to order his immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 24–27.)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

The Court ordered Respondents to respond to Petitioner's petition on or before April 29, 2026. (Dkt. 4.) Respondents filed a timely response addressing Petitioner's claims in light of the decision in *Buenrostro-Mendez*, (Dkt. 8), and Petitioner filed a reply to Respondents' response (Dkt. 9.) Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL

---

[1] Given that the Court will grant the relief Petitioner seeks based on his Fifth Amendment due process claims, the Court declines to reach the merits of Petitioner's remaining claims.

958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause.

Respondents recognize that Petitioner was previously released on his own recognizance but ask the Court to treat Petitioner as having been previously granted parole. (Dkt. 8 at 3–4.) The Court recognizes that, with the exception of temporary parole under 8 U.S.C. § 1182(d)(5)(A), "there are no other circumstances under which aliens detained under [Section] 1225(b) may be released." *Jennings v. Rodriguez*, 583 U.S. 281, 300 (2018). However, it remains undisputed that Petitioner entered at a Port of Entry, was served with a Notice to Appear, and was previously released on his own recognizance. (Dkt. 1, Attach. 3; Dkt. 8 at 4.) Therefore, the Court declines to rewrite DHS's discretionary decision to release Petitioner on his own recognizance.

Moreover, even if Petitioner had been initially released on parole, his current detention without an individualized determination of the need for detention violates his rights under the Fifth amendment Due Process Clause as reasoned by the Court in *Strunin v. Garcia*, 2026 WL 958952 (S.D. Tex. Mar. 3, 2026). Respondent argues that *Gisbert v. United States Attorney General*, 988 F.2d 1437, 1440 (5th Cir.1993), *as amended by*, 997 F.2d 1122 (5th Cir. 1993) is controlling precedent with regard to whether a noncitizen may establish a liberty interest by virtue of having lived in the United States after having been granted parole. (Dkt. 8 at 5.) The Court rejects Respondents' arguments and relies on its reasoning as stated in *Strunin*, 2026 WL 958952, at *7 n.3, and reiterates that Petitioner has a protected liberty interest in freedom from arbitrary and punitive detention by virtue of having lived in the United States since 2019.[2]

---

[2] The Court reiterates that *Gisbert* did not directly address the question of whether a noncitizen establishes a protected liberty interest by virtue of having lived in the United States after being granted parole and re-detained during the pendency of their removal proceedings; instead, it addressed claims of indefinite detention of noncitizens with felony convictions subject to final orders of exclusion. *See Gisbert*, 988 F.2d at 1441. Additionally, Respondents cite *Parra-Parra v.*

As is well established, the Fifth Amendment's Due Process Clause applies to noncitizens and guarantees rights in addition to those as set out by Congress in statute. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("even aliens shall not be … deprived of life, liberty, or property without due process of law"); *see also Yamataya v. Fisher*, 189 U.S. 86, 100-01 (1903); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Moreover, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."). For this reason, punitive civil detention violates due process. *See Kansas v. Hendricks*, 521 U.S. 346-57, 356 (1997); *United States v. Salerno*, 481 U.S. 739, 746 (1987). Civil immigration detention is permissible only to the extent that it is reasonably related to the statutory purposes of ensuring appearance at proceedings and protecting the community from danger. *See Zadvydas*, 533 U.S. at 690; *Foucha*, 504 U.S. at 72 ("Due process requires that the nature of commitment bear some reasonable relation to the purpose for which the individual is committed." (citing *Jones v. United States,* 463 U.S. 354, 368 (1983)). The Court reiterates that noncitizens who have

---

*Ashcroft*, 96 F. App'x 178, 179 (5th Cir. 2004) (unpublished) for the proposition that *Gisbert* remains binding precedent despite *Gisbert* being decided pre-passage of Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. 104-208, 110 Stat. 3009, 3009-546 (1996) and pre- *Zadvydas v. Davis*, 533 U.S. 678 (2001). But *Parra-Parra* is an unpublished opinion that cites *Gisbert* for the proposition that there are no time limits on the detention of excluded aliens who have been denied entry which expressly contradicts the Supreme Court's ruling in *Clark v. Martinez*, 543 U.S. 371(2005). *See Clark*, 543 U.S. 371 (holding that both inadmissible and admissible aliens can be detained under 8 U.S.C. § 1231(a)(6) only for so long as reasonably necessary to achieve removal).

established a presence in the United States have a protected liberty interest and a right to freedom from punitive civil detention that derives from the Constitution and guarantees due process protections under the Fifth Amendment's Due Process Clause. *See Rodriguez v. Frink*, 2026 WL 709487, at *4–5 (S.D. Tex. Mar. 13, 2026).

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 8), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4. If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this April 29, 2026.

 

Diana Saldaña
United States District Judge